

RECEIVED

AXK

3/16/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

**JANE DOE, individually and doing business as TRUE TEA,**

Plaintiff,

v.

Case No. _____

**MARCELLA IRISH BOOTHE DAVIS,**

Defendant.

1:26-cv-02979
Judge April M. Perry
Magistrate Judge Keri L. Holleb Hotaling
RANDOM / Cat. 2

# COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Jane Doe, individually and doing business as True Tea, files this Complaint against Defendant Marcella Irish Boothe Davis and states as follows:

## I. NATURE OF THE ACTION

1. This is an action for damages and injunctive relief arising from Defendant's sustained campaign of defamation, cyberstalking, harassment, threats, and intimidation directed at Plaintiff.

2. Defendant has used online platforms including YouTube and other social media to spread false statements about Plaintiff and to encourage others to harass and threaten Plaintiff.

3. Defendant operates a YouTube channel known as "Speak With Your Girl Marcella."

4. Through this platform Defendant has repeatedly targeted Plaintiff with malicious accusations and threats.

5. Defendant has also worked in concert with others to harass, stalk, and intimidate Plaintiff.

6. Defendant's conduct includes threats of violence, threats of sexual assault, attempts to obtain Plaintiff's identity, and attempts to have Plaintiff doxxed online.

7. Defendant's actions have placed Plaintiff in fear for her life and the safety of her family.

8. Plaintiff seeks damages in the amount of $500,000 and injunctive relief.

# II. JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

10. Plaintiff is a citizen of Illinois.

11. Defendant Marcella Irish Boothe Davis is a citizen of Virginia.

12. This Court also has jurisdiction under 28 U.S.C. §1331 because Defendant's conduct violates federal statutes including federal cyberstalking, interstate threats, and witness intimidation statutes.

13. Venue is proper in this district under 28 U.S.C. §1391 because Plaintiff resides in this district and the harm occurred here.

# III. PARTIES

14. Plaintiff Jane Doe is a resident of Illinois.

15. Plaintiff operates an online content platform and business known as True Tea.

16. Plaintiff appears under the pseudonym Jane Doe because Defendant has repeatedly attempted to obtain Plaintiff's identity.

17. Defendant has threatened to publicly expose Plaintiff's identity.

18. Defendant has threatened the life of Plaintiff and her family.6

19. Defendant operates the YouTube channel Speak With Your Girl Marcella.

Defendant Marcella Irish Boothe Davis resides in Virginia.

20. Defendant has made statements indicating that Plaintiff could be harmed if Defendant obtains Plaintiff's identity.

21. Defendant is a gun owner and has publicly acknowledged possessing firearms.

22. Defendant's threats combined with her ownership of a firearm have caused Plaintiff to fear for her life and the safety of her family.

# IV. FACTUAL ALLEGATIONS

## Defendant's Fixation on Plaintiff's Identity

24. Defendant has been obsessed with discovering Plaintiff's identity.

25. Defendant filed a fraudulent court motion requesting a subpoena to Google.

26. Defendant falsely claimed she wanted the subpoena in order to sue Plaintiff.

27. In reality Defendant had no legitimate claim against Plaintiff.

28. Defendant sought the subpoena only to expose Plaintiff's identity.

29. Google opposed the request and asked the court to deny it.

30. Defendant nevertheless continued efforts to obtain Plaintiff's identity.

31. Defendant stated on multiple occasions that her attorney was working to obtain Plaintiff's identity.

32. Defendant stated that once she obtained Plaintiff's identity she would dox Plaintiff.

33. Defendant threatened to spread Plaintiff's personal information across the internet.

## Defendant's Gang Association

34. Defendant publicly admitted to being a member of a group called "The Family."

35. Defendant stated that the group operates collectively.

36. Defendant stated that if Plaintiff sued one member the entire group would retaliate.

37. Defendant stated that she would slap Plaintiff for every member of the group.

## Conspiracy With Others

38. Defendant worked closely with Natavia Tonia Garner.

39. Garner coordinated attacks on Plaintiff through social media.

40. Defendant referenced Garner's name during online broadcasts targeting Plaintiff.

41. Defendant was acting on behalf of Garner.

42. Garner and Defendant are defendants in other litigation involving allegations of defamation and doxxing.

## False Statements About GoFundMe

43. Plaintiff organized a GoFundMe fundraiser.

44. The fundraiser was created to help fellow content creator Helen Griffin.

45. The funds were intended to assist Griffin with legal representation.

46. Defendant falsely claimed the fundraiser was a scam.

47. Defendant falsely claimed that Griffin was Plaintiff's mother.

48. Defendant falsely accused Plaintiff of stealing the funds.

49. Defendant falsely accused Plaintiff of money laundering.

50. Defendant falsely accused Plaintiff of committing RICO violations.

51. Defendant falsely accused Plaintiff of identity theft.

52. Defendant knew these statements were false.

53. Defendant disseminated these statements to viewers online.

## Additional False Statements

54. Defendant falsely claimed Plaintiff used her job to run background checks on people.

55. Defendant falsely claimed Plaintiff had multiple baby daddies.

56. Defendant falsely claimed Plaintiff used a voice box.

57. Defendant falsely claimed Plaintiff's son had drugs.

58. Defendant falsely claimed Plaintiff's house was filthy.

59. Defendant called Plaintiff a whore.

60. Defendant falsely claimed Plaintiff was homophobic.

61. Defendant falsely claimed Plaintiff had a protection order against her.

## Identity Theft and Fraudulent Accounts

62. Defendant stated she had Plaintiff's Social Security number.

63. Defendant stated she had Plaintiff's phone number.

64. Plaintiff believes Defendant hacked or illegally obtained this information.

65. A fake Cash App was created using Plaintiff's YouTube name.

66. Plaintiff's phone number was associated with the fraudulent account.

67. Defendant later stated she reported Plaintiff to the IRS.

68. Plaintiff believes Defendant was involved in creating the fake account.

## Interference With Plaintiff's Business

69. Defendant told viewers that Plaintiff's website was a scam.

70. Defendant encouraged viewers not to support Plaintiff's business.

71. Defendant threatened to report donors to the IRS.

72. Defendant threatened to report donors to disability agencies.

## Stalking and Harassment

73. Plaintiff blocked Defendant on all platforms.

74. Defendant admitted she uses fake accounts to bypass blocks.

75. Defendant continues monitoring Plaintiff through fake accounts.

76. Defendant has admitted that Plaintiff does not bother her.

77. Despite this Defendant continues stalking Plaintiff.

## Sexual Violence Threats

78. Defendant threatened to pay Terrance Smith to sexually assault Plaintiff.

79. Smith previously threatened Plaintiff with sexual violence.

80. Defendant encouraged sexual violence against Plaintiff.

81. Defendant told Plaintiff to perform sexual acts involving Smith.

## Threats and Intimidation

82. Defendant threatened Plaintiff's life and the lives of Plaintiff's family members.

83. Defendant stated she had "eyes everywhere."

84. Defendant entered Plaintiff's chat asking whether Plaintiff was scared.

85. Defendant intended to intimidate Plaintiff.

86. Defendant intended to discourage Plaintiff from filing lawsuits.

## Alabama Courtroom Surveillance Incident

87. Defendant stated publicly that she would place someone inside a courtroom to watch Plaintiff.

88. On July 23, 2025, a court hearing took place at the Madison County Courthouse in Alabama.

89. Defendant believed Plaintiff would attend that hearing.

90. Defendant sent her attorney to the courtroom to spy on Plaintiff.

91. The hearing had nothing to do with Defendant.

92. The hearing had nothing to do with Defendant's attorney.

93. Defendant later obtained video footage of the hearing.

94. The courtroom proceedings were illegally recorded.

95. Defendant broadcast the courtroom footage on her YouTube channel.

96. Defendant admitted that plaintiff told her that her having "eyes in courtroom" was harassment, but defendant proceeded with the harassment.

## Pattern of Harassment and Stalking

97. Defendant has engaged in a continuous and escalating pattern of harassment and stalking directed at Plaintiff.

98. Defendant has repeatedly monitored Plaintiff's online activity across multiple platforms.

99. Defendant has admitted to using fake accounts to bypass blocks placed by Plaintiff.

100. Defendant has repeatedly discussed Plaintiff during broadcasts on her YouTube channel.

101. Defendant has encouraged viewers and associates to monitor Plaintiff and report information about Plaintiff.

102. Defendant has stated that she has an information technology technician following Plaintiff's digital footprints.

103. Defendant has admitted that she asks individuals with access to professional investigative databases such as LexisNexis to research individuals on her behalf.

104. Defendant stated that when she wants to identify someone she asks people she knows to research them through their jobs using LexisNexis.

105. Plaintiff believes this conduct constitutes unauthorized access to private investigative databases.

106. Defendant has repeatedly attempted to discover Plaintiff's identity and location.

107.     Defendant's actions demonstrate a deliberate and coordinated effort to stalk Plaintiff and uncover Plaintiff's personal identifying information.

## Threats of Violence and Sexual Assault

108.     Defendant has made numerous threats of violence against Plaintiff.

109.     Defendant has threatened to physically assault Plaintiff if she learns Plaintiff's identity.

110.     Defendant stated that she would slap Plaintiff for each member of the group known as The Family.

111.     Defendant has threatened Plaintiff's life and the lives of Plaintiff's family members.

112.     Defendant is a gun owner and has publicly acknowledged possessing firearms.

113.     Defendant's threats combined with her possession of firearms have caused Plaintiff to reasonably fear for her life.

114.     Defendant encouraged threats of sexual violence against Plaintiff.

115.     Defendant threatened to pay Terrance Smith to sexually assault Plaintiff.

116.     Defendant encouraged sexual assault by making statements that Plaintiff should perform sexual acts involving Smith.

117.     Defendant's threats were intended to intimidate and silence Plaintiff.

118.     Defendant's conduct places Plaintiff in fear of physical harm.

# V. CLAIMS FOR RELIEF

## COUNT I – DEFAMATION

119.     Defendant published false statements about Plaintiff.

120.     Defendant knew the statements were false.

121.     The statements harmed Plaintiff's reputation.

## COUNT II – CIVIL CONSPIRACY

122.     Defendant conspired with Natavia Tonia Garner and others.

123.     They agreed to harass and defame Plaintiff.

124.     They committed overt acts to further the conspiracy.

## COUNT III – CYBERSTALKING

125.     Defendant engaged in a pattern of cyberstalking.

126.     Defendant used electronic communications to harass and threaten Plaintiff.

127.     Defendant's conduct constitutes unlawful cyberstalking.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

128.     Defendant's conduct was extreme and outrageous.

129. Defendant intended to cause severe emotional distress.

130. Plaintiff suffered severe emotional distress.

## COUNT V – CIVIL RICO

131. Plaintiff incorporates all preceding allegations.

132. Defendant is associated with a group known as The Family.

133. Defendant stated that members of this group act collectively against individuals who oppose them.

134. Defendant coordinated with Natavia Tonia Garner and others in targeting Plaintiff.

135. Members of the group have used online platforms to defame, harass, threaten, and intimidate individuals.

136. Defendant participated in the conduct of the group through coordinated harassment campaigns.

137. Defendant's conduct forms part of a pattern of racketeering activity.

138. Plaintiff suffered damages as a result of Defendant's actions.

# VI. EXHIBITS

139. Plaintiff possesses substantial documentary and video evidence supporting the allegations contained in this Complaint.

140. Plaintiff has preserved recordings, video broadcasts, screenshots, and other digital evidence of Defendant's statements and conduct.

141. Plaintiff will attach relevant materials as exhibits to this Complaint and to subsequent filings with the Court.

142. These exhibits include video recordings of Defendant's broadcasts, screenshots of statements, and documentation of threats and harassment.

143. Plaintiff will label these materials Exhibit A, Exhibit B, Exhibit C, and so forth.

144. Plaintiff reserves the right to supplement the record with additional exhibits during discovery.

# VII. PRAYER FOR RELIEF

145. Compensatory damages in the amount of $500,000.

146. Punitive damages.

147. A permanent injunction prohibiting Defendant from contacting, harassing, stalking, or defaming Plaintiff.

148. A protection order prohibiting Defendant from publishing Plaintiff's identity.

149. Referral of criminal conduct to appropriate law enforcement authorities.

150. Costs and any further relief the Court deems just and proper.

# JURY DEMAND

151. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Jane Doe*

Jane Doe

d/b/a True Tea

Plaintiff, Pro Se
03/15/2026