

BC

1:26-cv-02979
Judge April M. Perry
Magistrate Judge Keri L. Holleb Hotaling
RANDOM / Cat. 2



FILED
3/16/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AXK

# PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Jane Doe, proceeding pro se, respectfully moves this Court for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65 against Defendant Marcella Irish Boothe Davis and states as follows:

## I. INTRODUCTION

1. Plaintiff brings this emergency motion due to Defendant's ongoing threats, harassment, stalking, and intimidation.
2. Defendant has threatened Plaintiff's life and the lives of Plaintiff's family members.
3. Defendant has encouraged sexual violence against Plaintiff and threatened to pay another individual to sexually assault Plaintiff.
4. Defendant has publicly stated that she intends to discover Plaintiff's identity and publish Plaintiff's personal information on the internet.
5. Defendant has admitted to using third parties, investigative databases, and technological surveillance in order to identify and track Plaintiff.
6. Defendant has stated that she has "eyes everywhere" and has already demonstrated this by placing someone inside a courtroom to spy on Plaintiff.
7. Defendant is a gun owner and has publicly acknowledged possessing firearms.
8. Plaintiff reasonably fears that Defendant may carry out her threats if Plaintiff's identity is discovered.
9. Defendant's conduct constitutes cyberstalking, harassment, and threats transmitted through interstate communications.

## II. LEGAL STANDARD

10. A temporary restraining order may be issued where the movant demonstrates:
11. A likelihood of success on the merits.
12. Irreparable harm if the order is not granted.
13. That the balance of harms favors the movant.
14. That the injunction is in the public interest.

# III. ARGUMENT

## A. Plaintiff Is Likely to Succeed on the Merits

15. Plaintiff has presented detailed allegations of defamation, cyberstalking, conspiracy, and intentional infliction of emotional distress.
16. Defendant has engaged in repeated online harassment campaigns targeting Plaintiff.
17. Defendant has threatened violence and sexual assault against Plaintiff.
18. Defendant has attempted to uncover Plaintiff's identity in order to dox and intimidate Plaintiff.
19. These actions constitute unlawful harassment and cyberstalking.

## B. Plaintiff Will Suffer Irreparable Harm Without Court Intervention

20. Defendant has threatened Plaintiff's life and the safety of Plaintiff's family.
21. Defendant has access to firearms.
22. Defendant has encouraged others to harm Plaintiff.
23. Defendant has attempted to track Plaintiff's identity and location through technological surveillance and third-party databases.
24. If Plaintiff's identity is exposed, Plaintiff faces a substantial risk of harassment, violence, and retaliation.
25. Monetary damages cannot adequately remedy these harms.

## C. The Balance of Equities Favors Plaintiff

26. Plaintiff seeks only protection from harassment and threats.
27. The requested order would simply prohibit Defendant from engaging in unlawful conduct.
28. Defendant will suffer no legitimate harm by being required to refrain from threatening, stalking, or harassing Plaintiff.

## D. The Public Interest Supports Injunctive Relief

29. The public interest favors protecting individuals from threats, harassment, and cyberstalking.
30. Issuing a restraining order would deter further harassment and protect Plaintiff from potential violence.

## IV. REQUESTED RELIEF

WHEREFORE Plaintiff respectfully requests that this Court issue a Temporary Restraining Order that:

31. Prohibits Defendant from contacting Plaintiff directly or indirectly.
32. Prohibits Defendant from publishing, attempting to discover, or disseminating Plaintiff's identity.
33. Prohibits Defendant from encouraging or directing others to harass, stalk, threaten, or harm Plaintiff.
34. Prohibits Defendant from making threats of violence or sexual assault against Plaintiff.
35. Requires Defendant to remove online content that threatens violence against Plaintiff.
36. Grants any further relief this Court deems just and proper.

Respectfully submitted,

*Jane Doe*

Jane Doe Plaintiff, Pro Se

**03/15/2026**