**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Jane Doe

                           Plaintiff,

v.                                           Case No.: 1:26–cv–02979
                                           Honorable April M. Perry

Marcella Irish Boothe Davis

                           Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, March 18, 2026:

      MINUTE entry before the Honorable April M. Perry: Plaintiff's application to proceed in forma pauperis [4] is denied as incomplete. According to the application, Plaintiff has received $31,500 in income in the last 12 months, which puts Plaintiff's household significantly above the poverty threshold set by the U.S. Government. See https://aspe.hhs.gov/sites/default/files/documents /b1bfa16b20ae9b89d525bc35de7c1643/detailed–guideli nes–2026.pdf. Plaintiff provides no information about Plaintiff's monthly financial obligations other than to say "thousands of dollars." In order to make a determination as to Plaintiff's indigence, the Court must have an accurate accounting of income and expenses. Based upon the information currently provided, Plaintiff does not qualify as indigent. Plaintiff may either pay the filing fee in this case, or submit a complete and accurate in forma pauperis application by 4/1/2026. As for Plaintiff's motion to proceed under a pseudonym [5], that too is denied at this time. The Seventh Circuit heavily disfavors anonymous, pseudonymous, or "no–name" litigation and requires the plaintiff to demonstrate "exceptional circumstances" in order to do so. Doe v. Village of Deerfield, 819 F.3d 372, 376–77 (7th Cir. 2016). "[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and particularly vulnerable parties or witnesses." Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997). Plaintiff claims to be a vulnerable party, but neither the emergency motion for a temporary restraining order nor the complaint in this case are pled with the necessary level of specificity to establish the plausibility of such a claim. A complaint must provide more than "an unadorned, the–defendant–unlawfully–harmed–me accusation," against the defendant. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Specifically, a complaint must have enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Moreover, a claim of defamation – the main claim raised against Defendant in this case – must be pled with specificity. What this means is that the alleged false statements must be pled "with sufficient precision and particularity so as to permit initial judicial review of [their] defamatory context." Green v. Rogers, 917 N.E.2d 450, 459 (Ill. 2009). In this case, Plaintiff has not alleged any particular false statement with any specificity. Instead,

Plaintiff lodges numerous broad allegations of defamation, threats, harassment, cyberstalking, intimidation, paying another individual to sexually assault Plaintiff, publishing Plaintiff's personal information on the internet, and spying on Plaintiff, without alleging a single date that any of these events occurred or setting forth the facts underlying the allegations or the words contained in any alleged threat or false statement. This is not sufficient, and therefore the Court dismisses the complaint for failure to state a plausible federal claim and denies Plaintiff's emergency motion for a temporary restraining order [6]. Plaintiff may file an amended complaint that provides more factual detail about what Defendant is alleged to have done. Any amended complaint must be filed by 4/17/2026, or this case will be dismissed for failure to state a plausible federal claim. One additional point for Plaintiff's consideration: truth is a defense to defamation. Therefore, if this litigation is to continue, Defendant will have the right to seek discovery from Plaintiff about the truth or falsity of the defamatory statements that were allegedly made. Defendant will also have the right to depose Plaintiff to ask Plaintiff questions about all of these matters. Moreover, as Plaintiff is self–represented, Plaintiff will need to appear in person in Court to litigate this matter. Plaintiff should consider whether a civil lawsuit is the best way for Plaintiff to receive the distance from Defendant that Plaintiff purports to seek. Finally: this Court does not refer criminal conduct to law enforcement agencies. To the extent Plaintiff believes a crime has occurred, Plaintiff should report it to law enforcement immediately. Mailed notice. (jcc,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.